UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>2003 VOLKSWAGEN PASSAT WASHINGTON LICENSE PLATE 709 YUV VIN WVWUK63B53P343877 et al.,<br><br>                    Defendants. | NO. CV-09-3087-EFS<br><br>**ORDER DENYING CLAIMANT'S MOTION TO DISMISS** |

Before the Court, without oral argument, is Claimant Jasmine Rangel's Motion to Dismiss (Ct. Rec. 50), filed concurrently with her Answer to Complaint.[1] Ms. Rangel moves to dismiss the civil forfeiture complaint on the grounds that the property that is the subject of the forfeiture proceedings was seized in violation of the Fourth and Fifth

---

[1] Although the United States Attorney's Office ("USAO") did not respond to this motion, the motion was procedurally improper because it was filed in the same document as Ms. Rangel's Answer. Its failure to respond does not constitute consent to granting the motion because the motion was not properly before the Court.

ORDER ~ 1

Amendments. Specifically, Ms. Rangel objects that various law enforcement entities seized several items of personal property that were not identified in the warrant that authorized the searches of the premises from which the defendant properties were seized. Additionally, she argues that other unspecified claimants did not receive proper notice of the forfeiture, although she concedes that she and claimant Rogelio Moreno-Garcia now own the property subject to these proceedings and they received proper notice. Finally, she argues that the stipulation of forfeiture entered into by Juvenal Moreno Garcia as part of a plea agreement in a related criminal case (Ct. Rec. 12) does not affect her rights to the property.[2]

Although the Court agrees with Ms. Rangel that Mr. Moreno Garcia's stipulation does not eliminate her rights to the forfeited property, Ms. Rangel has not demonstrated that dismissal is appropriate. Law enforcement may seize property if it has probable cause to establish a nexus between the property and the criminal act alleged to have occurred. *United States v. One Hundred Sixty-Five Thousand Five Hundred Eighty Dollars ($165,580) In U.S. Currency*, 502 F. Supp. 2d 114, 117 n.7 (D. Me. 2007); *United States v. Wittig*, 333 F. Supp. 2d 1048, 1051 (D. Kan. 2004). But probable cause need not be shown when the property is seized.

---

[2] Ms. Rangel also claims that the stipulation is void because the plea agreement will be stricken. Regardless of the status of the plea agreement, nothing has been brought to the Court's attention to cast into doubt the stipulation's validity.

ORDER ~ 2

*One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF*, 191 F.3d 668, 673 (6th Cir. 1999). Rather, the determination of probable cause to forfeit the property is made based on the USAO's evidence at the time of the forfeiture proceeding, rather than at the time of the seizure. *Id.* at 673-74. Even if law enforcement agents exceeded the scope of the warrant by seizing property not listed in the warrant, there is no basis to dismiss because the relevant time to determine the nexus between the property and illegal activity is during the proceeding, not at the time of seizure.

Accordingly, **IT IS HEREBY ORDERED**: Ms. Rangel's Motion to Dismiss **(Ct. Rec. 50)** is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this __12th__ day of July 2010.

                                                  s/Edward F. Shea
                                                  EDWARD F. SHEA
                                      United States District Judge

Q:\Civil\2009\3087.dismiss.wpd

ORDER ~ 3