UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>2003 VOLKSWAGEN PASSAT WASHINGTON LICENSE PLATE 709 YUV VIN WVWUK63B53P343877 et al.,<br><br>               Defendants. | NO. CV-09-3087-EFS<br><br>**ORDER GRANTING THE USAO'S MOTION TO STRIKE ANSWER AND DENYING AS MOOT POTENTIAL CLAIMANTS' MOTION FOR SUMMARY JUDGMENT** |

     Before the Court, without oral argument, is potential claimants Jasmine Rangel and Rogelio Moreno Garcia's Motion for Summary Judgment (ECF No. 55), and the United States Attorney's Office's ("USAO") Motion to Strike Answer (ECF No. 59). After reviewing the submitted materials and relevant authority, the Court is fully informed and denies as moot Ms. Rangel and Mr. Moreno's motion and grants the USAO's motion. The reasons for the Court's decision are set forth below.

### BACKGROUND

**A.    The Underlying Criminal Investigation**

     This civil forfeiture action flows from the related criminal case, *United States v. Juvenal Moreno Garcia*, No. CR-09-2054-RHW. In that

ORDER ~ 1

prosecution, Juvenal Moreno Garcia was charged with being an alien in possession of a firearm under 18 U.S.C. § 922(g)(5), being a felon in possession of a firearm in furtherance of a drug trafficking crime under § 924(c)(1)(A), and possessing a controlled substance with intent to distribute under 21 U.S.C. § 841(a)(1).

On April 27, 2009, search and seizure warrants were issued for 7550 Lateral A Road, Wapato, Washington 98951, and 231 Windy Ridge Lane, Moxee, Washington 98936. (ECF No. 32, Attach. A & B.) Those warrants were executed on April 28, 2009, and returned on May 6, 2009. *Id*. On May 7, 2009, the Office of Fines, Penalties, and Forfeitures (FP&F) sent notices of the seizures to all individuals who appeared to have an interest in the merchandise seized: Alfonso Rangel, Juvenal Moreno Garcia, Jasmine Rangel, Antonia Garcia Mendoza, Francisco Moreno, Francisco Moreno Mendoza. *Id*. Attach. C. A similar notice was sent to Luis Corono Martinez on May 18, 2009. *Id*.

On August 27, 2009, the FP&F referred the matter to the USAO for initiation of a judicial forfeiture action. *Id*. Attach. D.

**B. The Civil Forfeiture Action**[1]

---

[1] In a civil forfeiture action, the USAO is the Plaintiff, the property/asset is the Defendant, and the Claimant is an intervenor seeking to challenge the forfeiture of the defendant property. *Via Mat Int'l S. Am., Ltd. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006) (A civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* proceeding against the property.).

ORDER ~ 2

The USAO filed its Verified Complaint for Civil Forfeiture *In Rem* in this Court on September 4, 2009. (ECF No. 1.) The Complaint seeks forfeiture of the following assets:

1. 2003 Volkswagen Passat, Washington License Plate: 709 YUV, VIN: WVWUK63B53P343877;

2. 2004 Cadillac SRX, Washington License Plate: 631 YOD, VIN: 1GYEE63A740149536;

3. 1963 Chevrolet Impala, Washington License Plate: 491 WOE, VIN: 31847L193642;

4. 1937 Chevrolet Sedan, Washington License Plate: 766, NOQ, VIN: 21GA0428601;

5. 1988 Sea Doo Bombardier Jet Ski, HIN: USCEC1023C898, with a 1998 Shore Boat Trailer, Washington License Plate: 7238SU, VIN: 1MDHG8P13WA004108; and

6. $2,696.00 U.S. Currency.

On September 28, 2009, the Clerk's Office issued a Warrant of Arrest *In Rem*, pursuant to a Court Order of that same date. (ECF Nos. 3 & 4.) A Notice of Civil Forfeiture Action was posted on the official government website from September 27, 2009, to October 26, 2009. (ECF No. 30.) The Warrant was returned executed on November 17, 2009. (ECF No. 5.)

On January 12, 2010, Juvenal Moreno Garcia entered into a plea agreement in the related criminal case. In the plea agreement, he agreed to forfeit the 2004 Cadillac, 1963 Impala, 1937 Chevrolet, and 1998 Sea Doo Bombardier jet ski with trailer at issue in this case. In accordance

with his plea agreement, Juvenal Moreno Garcia entered into a Stipulation for Order of Forfeiture with the United States on January 12, 2010, in this action. (ECF No. 12.) The Court issued an Order granting the parties' Stipulation on January 20, 2010. (ECF No. 13.)

**C.  The Claimants**

On December 17, 2009, the USAO sent copies of the Notice of Complaint, Verified Complaint for Forfeiture *In Rem*, and Warrant of Arrest *In Rem* to Alfonso Rangel, Antonia Garcia Mendoza, Francisco Moreno Mendoza, Francisco Moreno, and Juvenal Moreno Garcia. (ECF Nos. 6-10.) A courtesy copy of each notice was sent to Juvenal Moreno Garcia's wife, Jasmine Rangel. *Id*. And on January 19, 2010, Luis Corono Martinez was served with the same. (ECF No. 31.) These notices include clear instructions on how to file a claim under Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(5)(a). The January 21, 2010 claim deadline was clearly articulated therein. *Id*. To date, no claims have been filed with the Court or received by the USAO.

One day after the deadline for filing claims passed, the previously-notified potential claimants and several others[2] moved for appointment of

---

[2] These are Alfonso Rangel, Berta Rangel, Celso Moreno Garcia, Erika Rangel, Estaban Garcia Mendoza, Francisco Moreno Garcia, Francisco Moreno Magana, Israel Moreno Garcia, Jasmine Rangel, Juvenal Moreno Gracia, Luis Cornoa, Mario Gutierrez, Rogelio Moreno Garcia, Uriel Garcia Mendoza, and Antonia Garcia Mendoza.

ORDER ~ 4

counsel in this action. (ECF Nos. 14-28.) Although the Court denied the appointment-of-counsel requests, those individuals were added as claimants. (ECF No. 34.)

On May 11, 2010, the USAO served, via certified mail, Notices of Motion for Default upon the newly-added potential claimants.[3] (ECF Nos. 36-49.) The Notices indicated that the USAO would move for default "unless a claim, answer, or motion is filed with the Clerk of the above-entitled Court within fourteen (14) days." The responses were due May 28, 2010, at the latest. But U.S. Postal Service records show that although certified mail notice was left on May 13, 2010, delivery was not made until May 28, 2010. A return receipt was signed "Antolin."

On June 1, 2010, Antolin Andrew Marks[4] sent an email to AUSA James A. Goeke, requesting additional time to respond to the default notices. On June 24, 2010, Ms. Rangel and Mr. Moreno filed an Answer to Complaint and Motion to Dismiss. (ECF No. 50.) The Court denied the motion to dismiss on July 12, 2010. (ECF No. 51.)

---

[3] On May 11, 2010, the USAO served via facsimile and certified and regular U.S. mail, a Notice of Motion for Default upon Luis Corono Martinez and his Attorney Beau D. McGraw. Mr. McGraw's office sent a claim via facsimile to the USAO. However, no such claim was filed with the Court.

[4] Mr. Marks is not counsel of record for any party or potential claimant.

ORDER ~ 5

Ms. Rangel and Mr. Moreno filed the instant Motion for Summary Judgment on November 29, 2010; the USAO's Motion to Strike Answer followed on December 29, 2010.[5]

**DISCUSSION**

Ms. Rangel and Mr. Moreno move to dismiss the Complaint because the USAO cannot prove the property seized was not used in facilitating drug transactions. The USAO's response is threefold: first, the summary-judgment motion lacks a factual record upon which the USAO may respond; second, Ms. Rangel and Mr. Moreno lack standing because they did not submit a timely claim or answer; and third, even if Ms. Rangel and Mr. Moreno had standing to participate in this action, no discovery has occurred and, thus, it is unable to respond at this juncture. In response, Ms. Rangel and Mr. Moreno maintain that they did in fact file claims with the administrative agency.[6]

---

[5] Due to scheduling conflicts with the Court's calendar, hearing on those motions was reset.

[6] Ms. Rangel and Mr. Moreno also ask the Court to strike the Stipulation for Order of Forfeiture (ECF No. 12) entered into by Juvenal Moreno Garcia. Yet the Court has already recognized that:

> Although the Court agrees with Ms. Rangel that Mr. [Juvenal] Moreno Garcia's stipulation does not eliminate her rights to the forfeited property, Ms. Rangel has not demonstrated that dismissal is appropriate.

(ECF No. 51.)

ORDER ~ 6

Under Supplemental Rule G(8)(c)(i), the USAO may file a motion to strike the answer or a claim at any time before trial for failure to comply with Rule G(5), which governs the time for filing an answer or claim, or lack of standing. Such motion "must be decided before any motion by the claimant to dismiss the action." Supp. R. G(8)(c)(ii). Accordingly, the Court addresses the USAO's motion to strike first.

**A. The USAO's Motion to Strike Answer**

The USAO moves to strike the Answer for failure to comply with Supplemental Rule G(5) by filing a timely claim. Ms. Rangel and Mr. Moreno oppose the motion.

Supplemental Rule G(5)(A)(1) allows potential claimants who receive direct notice of the forfeiture to contest the forfeiture by filing a claim by the date set forth in the notice, which must be "at least 35 days after the notice is sent." *Id.* at G(5)(a)(ii)(A), (4)(b)(ii)(B). The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, and be signed by the claimant under penalty of perjury. *Id.* at G(5)(a)(i)(A)-(C). Further, Supplemental Rule G(5)(B) provides that a "claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." *Id.* at G(5)(B).

Courts have routinely stricken claims that do not comply with the Supplemental Rules' claim and answer deadline. *See, e.g., United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552,* 980 F.2d 1242, 1245 (8th Cir. 1992); *$19,840.00 in U.S. Currency More or Less*, 552 F. Supp.

ORDER ~ 7

2d at 635-36 (Claimant who timely filed claim was properly defaulted for filing answer two days late, entitling the government to final judgment forfeiting claimant's interest in the property.).

On December 17, 2009, the USAO sent direct notice – a copy of the Verified Complaint for Forfeiture *in Rem* and related documents – to all individuals who the FP&F identified as appearing to have an interest in the merchandise seized.[7] The notices fully complied with Supplemental Rule G(4)(b)(ii)'s content requirements: each stated the date when the

---

[7] These individuals are Alfonso Rangel, Antonia Garcia Mendoza, Francisco Moreno Mendoza, Francisco Moreno, Juvenal Moreno Garcia, and Luis Corono Martinez. A courtesy copy of each notice was sent to Jasmine Rangel. Ms. Rangel and Mr. Moreno argue, without any explanation, that the direct notices should have been sent to all potential claimants, not just those identified by the FP&F as potentially having an interest in the seized property. The Court disagrees: at the time the direct notice was sent (before any potential claimants filed documents with the Court) the only individuals appearing to have an interest in the property were those the FP&F identified as potentially having an interest in the seized property. *See* Supp. R. G(4)(b)(ii) (The USAO "must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the [USAO.]"). Each was sent via certified and regular U.S. mail. *See id.* at G(4)(b)(iii) (requiring notice to be sent by means "reasonably calculated to reach the potential claimant"). Accordingly, the USAO's notice was proper.

ORDER ~ 8

notice was sent (December 17, 2009); a deadline for filing the claim, at least thirty-five (35) days after notice was sent (January 21, 2010)[8]; that an answer or Federal Rule of Civil Procedure 12 motion must be filed within twenty-one (21) days after filing the claim; and the name of the attorney to be served.  Any potential claimants therefore had until January 21, 2010, to file a claim in this forfeiture proceeding.  They did nothing until January 22, 2010, when the above-named potential claimants filed Motions to Appoint Counsel (ECF Nos. 14-28).  These motions do not, however, comply with Supplemental Rule G(5)(A)(1)'s claim requirements: they are untimely and not signed under penalty of perjury.[9]

Furthermore, Ms. Rangel and Mr. Moreno's June 24, 2010 Answer is over four months late.  Had the potential claimants timely filed claims, the last date to file an answer or a Rule 12 motion would have been twenty-one (21) days after January 21, 2010: February 11, 2010.[10]  Thus, even if the Court liberally construed their Motions for Appointment of Counsel (ECF Nos. 14-28) as claims, Ms. Rangel and Mr. Moreno have failed to demonstrate how their June 24, 2010 Answer was timely.  Accordingly,

---

[8] February 23, 2010, as to Luis Corono Martinez only.

[9] Indeed, the Court has serious misgivings as to whether each potential claimant actually signed his or her motion: the handwriting is so similar it appears that one person signed all the Potential Claimants' Motions to Appoint Counsel (ECF Nos. 14-28).

[10] Or, as to Luis Corono Martinez only, twenty-one (21) days after February 23, 2010: March 16, 2010.

ORDER ~ 9

the Court concludes that the potential claimants have failed to file a timely claim and answer.

Courts typically require strict compliance with Supplemental Rule G(5)'s procedural requirements. *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007) ("Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing."); *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("Courts consistently have required claimants to follow the language of the Supplemental rules to the letter."); *United States v. 40 Acres of Real Property, More or Less*, 629 F. Supp. 2d 1264 (S.D. Ala. 2009) (same); *United States v. $19,840.00 in U.S. Currency More or Less*, 552 F. Supp. 2d 632, 636 (W.D. Tex. 2008) ("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer."); *United States v. $50,200 In U.S. Currency,* 76 F. Supp. 2d 1247, 1256-57 (D. Wyo. 1999) (finding claimant who filed answer but no claim lacked statutory standing). This responsibility rests with the claimant, as long as the USAO provides proper notice. *See United States v. Real Property,* 135 F.3d 1312, 1317 (9th Cir. 1998) ("So long as the Government takes steps mandated by due process to notify the record owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural requirements for opposing the forfeiture.").

Yet "a court has discretion in appropriate circumstances to depart from the strict compliance standard." *United States v. Amiel*, 995 F.2d

ORDER ~ 10

367, 371 (2d Cir. 1993); *see also* Supp. R. G(5)(a)(ii) (recognizing the Court's discretion to extend the claim-filing deadline for good cause). But Ms. Rangel and Mr. Moreno fail to identify any special or extenuating circumstances that might warrant relaxation of the Supplemental Rule G(5)(b) requirement that they file a proper claim and an answer within twenty (20) days after the claim.

By the time for filing an answer had passed, Ms. Rangel had been notified of Rule G's time requirements on two occasions: first, in the courtesy copy of the direct notices sent on December 17, 2009, and second, in the USAO's Memorandum in Opposition to Motions for Appointment of Counsel (ECF No. 32), filed February 8, 2010. And Mr. Moreno entered the action as a potential claimant by February 8, 2010, and thus similarly received notice of the time for filing an answer.

Further, well after the time for filing a claim and answer had passed, the USAO gave the potential claimants an opportunity to avoid default. Notices of Motion for Default (ECF Nos. 36-49), which notified the potential claimants that the USAO would move for default if no claim or answer was filed within fourteen days, were served upon the newly-added potential claimants on May 28, 2010. No potential claimant took any action until Ms. Rangel and Mr. Moreno filed an answer on June 24, 2010. Although Ms. Rangel and Mr. Moreno asked the AUSA via email for additional time to file an answer, they never petitioned this Court for such extension. And even though the Potential Claimants may have filed claims in the related administrative forfeiture action(ECF No. 63; & ECF

ORDER ~ 11

No. 32, Attach. C), "those claims are not a substitute for filing a verified claim in the judicial forfeiture action because summary administrative forfeitures and judicial forfeitures are separate proceedings." *United States v. $7,000.00 in U.S. Currency*, 583 F. Supp. 2d 725, 735 (M.D.N.C. 2008) (quoting *United States v. $48,000 U.S. Currency*, No. 06-10952, 2007 WL 1467159, at *3 (E.D. La. May 18, 2007)).

The Potential Claimants never suggested they lacked direct notice. They never suggested that the USAO encouraged the delay, or advised the Court or the USAO of their interest in the property before the claim deadline. The Court has no reasonable explanation for the Potential Claimant's failure to file a timely claim or answer with this Court and, thus, no basis to deviate from the strict compliance and standing requirements of the Supplemental Rules. Accordingly, the USAO's Motion to Strike Answer (ECF No. 59) is **GRANTED**; the Potential Claimants' Answer is **STRICKEN** for failure to comply with applicable procedural requirements.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**:

1. The USAO's Motion to Strike Answer **(ECF No. 59)** is **GRANTED**.

2. The Potential Claimants' Answer to Complaint & Motion to Dismiss **(ECF No. 50)** is **STRICKEN**.

3. The Potential Claimants' Motion for Summary Judgment (ECF No.

/

ORDER ~ 12

55) is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this 26th day of April 2011.

                              s/Edward F. Shea
                            EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2009\3087.SJ.wpd

ORDER ~ 13