```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     vs.<br><br>2003 VOLKSWAGEN PASSAT,<br>WASHINGTON LICENSE PLATE:<br>709 YUV, VIN:<br>WVWUK63B53P343877;<br><br>2004 CADILLAC SRX, WASHINGTON<br>LICENSE PLATE: 631 YOD, VIN:<br>1GYEE63A740149536;<br><br>1963 CHEVROLET IMPALA,<br>WASHINGTON LICENSE PLATE: 491<br>WOE, VIN: 31847L193642;<br><br>1937 CHEVROLET SEDAN,<br>WASHINGTON LICENSE PLATE: 766<br>NOQ, VIN:  21GA0428601;<br><br>1998 SEA DOO BOMBARDIER JET<br>SKI, HIN:  USCEC1023C898,<br>WITH A 1998 SHORE BOAT<br>TRAILER, WASHINGTON LICENSE<br>PLATE: 7238SU, VIN:<br>1MDHG8P13WA004108;<br><br>2006 LINCOLN MARK LT PICKUP,<br>VIN: 5LTPW18596FJ06226;<br><br>$2,696.00 U.S. CURRENCY,<br><br>                Defendants. | NO. CV-09-3087-EFS<br><br>**FINAL ORDER OF FORFEITURE** |

  Before the Court, without oral argument, is Plaintiff United States of America's Motion for Entry of the Final Order of Forfeiture, ECF No.

ORDER ~ 1

67. Plaintiff moves for a final order of forfeiture of the Defendant property in this case, which is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Potential claimants Jasmine Rangel and Rogelio Moreno oppose the motion, arguing that the Defendant property was unconstitutionally seized and must be returned. ECF No. 69.

A Verified Complaint for Forfeiture *In Rem* was filed on September 4, 2009. ECF No. 1. The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is proper pursuant to 28 U.S.C. § 1395.

The Defendant property being forfeited is described as follows:

(a) 2003 Volkswagen Passat, Washington License Plate: 709 YUV, VIN: WVWUK63B53P343877;

(b) 2004 Cadillac SRX, Washington License Plate: 631 YOD, VIN: 1GYEE63A740149536;

(c) 1963 Chevrolet Impala, Washington License Plate: 491 WOE, VIN: 31847L193642;

(d) 1937 Chevrolet Sedan, Washington License Plate: 766 NOQ, VIN: 21GA0428601;

(e) 1998 Sea Doo Bombardier Jet Ski, HIN: USCEC1023C898, with a 1998 Shore Boat Trailer, Washington License Plate: 7238SU, VIN: 1MDHG8P13WA004108;

(f) 2006 Lincoln Mark LT Pickup., VIN: 5LTPW18596FJ06226; and,

(g) $2,696.00 U.S. currency.

On September 28, 2009, the Clerk's Office issued the Warrant of Arrest *In Rem*, pursuant to the Court's order of the same date. ECF No. 3. On November 17, 2009, the Warrant of Arrest In Rem was returned executed. ECF No. 5.

Notice of Civil Forfeiture Action was posted on the official government website between September 27, 2009, and October 26, 2009, as

ORDER ~ 2

1 required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty
2 or Maritime Claims and Asset Forfeiture Actions, and as evidenced by the
3 Notice of Publication filed herein on February 2, 2010. ECF No. 30. At
4 the latest, the claim period expired on November 26, 2009. No claims to
5 the Defendant property have been filed.

6     On December 18, 2009, potential claimants were served via certified
7 mail and/or regular mail with copies of the Notice of Complaint, Verified
8 Complaint for Forfeiture *In Rem*, and Warrant of Arrest *In Rem*, as
9 evidenced by the Certificates of Service of Notice by Mail filed
10 herein. ECF Nos. 6 - 10. The notices include clear instructions on how
11 to file a claim, claim contents, and the claim deadline. *Id*. The claim
12 deadlines were January 21, 2010. *Id*. To date, no claims have been
13 received.

14     On January 19, 2010, potential claimant Luis Corono Martinez was
15 served via certified mail and facsimile, in care of his attorney, Beau
16 D. McGraw, with copies of the Notice of Complaint, Verified Complaint for
17 Forfeiture *In Rem*, and Warrant of Arrest *In Rem*, as evidenced by the
18 Certificate of Service of Notice by Mail filed herein on February 2,
19 2010. ECF No. 31. His claim was due on February 23, 2010. To date,
20 no claim has been received.

21     Notice of Civil Forfeiture Action, as to the Defendant 2006 Lincoln
22 Mark Ltd Pickup, was posted on the official government website between
23 December 9, 2010, and January 7, 2011, as required by Rule G(4)(a)(iv)(C)
24 of the Supplemental Rules for Admiralty or Maritime Claims and Asset
25 Forfeiture Actions, and as evidenced by the Notice of Publication filed
26 herein on May 10, 2011. ECF No. 66. At the latest, the claim period

expired on February 7, 2011.  No claims to the Defendant property have been filed.

On April 26, 2011, the Court entered an Order striking the potential claimants' answer for failure to comply with applicable procedural requirements, thereby resolving any and all of the potential claimants' interest in the Defendant property.  ECF No. 65.  Because there are no timely claimants to the Defendant property and the answer was stricken, no parties have standing to oppose entry of a final order of forfeiture. Thus, the potential claimants' filing in opposition to the instant motion for entry of a final order of forfeiture presents no valid issue for the Court to consider.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Defendant property is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

2.  The United States shall dispose of the forfeited Defendant property described herein in accordance with law.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and to provide copies to counsel and all claimants.

**DATED** this ___27th___ day of June 2011.

                        s/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2009\3087.final.forfeit.wpd

ORDER ~ 4